IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CORNELIUS CAMON, | : |
| Petitioner, | : |
| | : **Criminal Case No.** |
| | 7 : 03-CR-16 (HL) |
| VS. | : **28 U.S.C. § 2255 Case No.** |
| | 7 : 13-CV-90174 (HL) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. §2255, compiled at filings on June 13, 2013 (Doc. 89), July 1, 2013 (Doc. 91), and January 11, 2014 (Doc. 108), is before this Court for the issuance of a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

The Petitioner was indicted in this Court in 2003 on charges of possession with intent to distribute cocaine base. (Docs. 1, 37). On October 7, 2003, the Petitioner entered into a Plea Agreement with the Government and pled guilty to one count of distribution of more than 50 grams of crack cocaine. (Docs. 58, 59). The remaining counts of the superseding indictment were dismissed by the Government as part of the plea agreement. Petitioner was sentenced on February 19, 2004 to a mandatory minimum term of imprisonment of 240 months followed by 10 years of Supervised Release. (Docs. 78, 79).

Petitioner filed his original Motion to Vacate, Set Aside, or Correct his Sentence pursuant to

28 U.S.C. § 2255 on June 13, 2013, alleging ineffective assistance of counsel based on trial counsel's alleged failure to file a direct appeal.  (Doc. 89).  In his Amended Motion to Vacate, filed on July 1, 2013 (Doc. 91), the Petitioner asserts that he is entitled to relief based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

On January 11, 2014, the Petitioner, represented by appointed appellate counsel, filed another § 2255 Motion to Vacate, in which he asserts that his sentence should be vacated and he should be resentenced based on trial counsel's failure to file a Notice of Appeal.  (Doc. 108). The Court notes that in this motion, Petitioner, now represented by court-appointed counsel, appears to merely reiterate his initial grounds for relief in the Motion to Vacate filed on June 13, 2013 and amended on July 1, 2013 and seeks resentencing based thereon.  The Court will therefore consider Petitioner's various filings (Docs. 89, 91, 108) as one motion to vacate under § 2255.

The Government initially filed a Motion to Dismiss on October 28, 2013 (Doc. 98), which was denied by Order of the Court dated October 31, 2013.  (Doc. 99).  Petitioner filed an appeal of his conviction on September 12, 2013.  (Doc. 93).  The Court stayed consideration of Petitioner's motions to vacate until the appeal of Petitioner's underlying conviction was final in the Eleventh Circuit.  (Doc. 99).  The Government has now filed a Renewed Motion to Dismiss the Petitioner's motions to vacate (Doc. 111), asserting that Petitioner's initial Motion to Vacate was untimely and none of the exceptions to the limitations period are applicable.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.  Pursuant to the AEDPA, the movant in a § 2255 proceeding has a one year limitations period in which to file a § 2255 motion.  Courts calculate

2

the relevant limitations period from the latest of four benchmark dates: (1) the date on which the judgment of conviction becomes final; (2) the date a government-created impediment to making such a motion is removed; (3) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

The one-year limitations period herein started running when the Petitioner's conviction became final pursuant to § 2255(f)(1), and thus, the filing of this § 2255 motion is untimely under this subsection of § 2255.  Petitioner's conviction became final on March 7, 2004, when the time for filing a Notice of Appeal expired.  Fed. R. App. P. 4(b); *Clay v. United States,* 537 U.S. 522 (2003); *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  Petitioner then had one year to bring a motion under § 2255 after his conviction became final, or until March 7, 2005.  Under this provision of § 2255, Petitioner's motion to vacate, executed on June 11, 2013 and amended thereafter, is clearly untimely.

The Petitioner also apparently contends that the one year limitations period for bringing this § 2255 motion should be calculated under § 2255 (f)(3) and/or (f)(4).  Pursuant to subsection (f)(3), the one-year statute of limitations begins to run on the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).  Pursuant to subsection (f)(4), the one-year statute of limitations begins to run on the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

"For purposes of a newly recognized right under 28 U.S.C. § 2255[f](3) . . . the [one-year]

3

limitations period . . . is triggered on the date the Supreme Court initially recognizes a new right." *Dodd v. U.S.,* 365 F.3d 1273, 1277 (11th Cir. 2004). Petitioner relies on *Alleyne v. United States*, 133 S.Ct. 2151 (2013) to support his assertion that his § 2255 motion is timely filed. In *Alleyne*, decided by the Supreme Court on June 17, 2013, the Court ruled that any fact that increases the mandatory minimum sentence is an "element" that must be submitted to the jury. *Id. Alleyne* is considered to be an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), wherein the Supreme Court held that any fact that increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. *Sams v. United States*, 2013 WL 6731144 (S.D.Ga., Dec. 19, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi*).

Moreover, case law recognizes that the Supreme Court has not declared the rule announced in *Alleyne* to be retroactive on collateral review, and has not ruled *Apprendi* retroactive, making it unlikely that *Alleyne* will be made retroactively applicable. *Id.*; *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) ("[We do not intend] to suggest that *Alleyne* applies retroactively to cases on collateral review. *Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review. And *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity."), *internal citations omitted.* Petitioner did not file this § 2255 motion within one year of a Supreme Court decision initially recognizing the right he asserts, made retroactively available to cases on collateral review, and his motion is accordingly untimely under § 2255(f)(3).

Petitioner also asserts that the one-year statute of limitations governing his § 2255 Motion did not begin to run until he discovered that his defense counsel had failed to file an appeal of his

conviction, with said discovery taking place "shortly after May 31, 2013, [when] he learned from the Eleventh Circuit that no appeal had been filed".  (Doc. 113).

"[A] § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal."  *Williams v. United States*, 2011 WL 1878124 (S.D.Fla., April 25, 2011) *citing Aron v. United States*, 291 F.3d 702, 708 (11th Cir. 2002).  "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."  *Aron*, 291 F.3d at 712.

Petitioner states in his original § 2255 motion, signed by the Petitioner on June 11, 2013, that he

> asked his Counsel, Attorney Althea L. Buafo to file an appeal after sentencing.   She advised she was going to obtain the Appeal Package after sentencing.   The Movant tried on several occasions to contact Ms. Buafo but her phone number was not listed and his letters kept getting sent back to him . . . the Movant has recently discovered from the docket sheet that no appeal has been filed [in this case].

(Doc. 89, ¶ 12).

Petitioner's assertion that the statute of limitations did not begin to run until he discovered in May 2013 that his defense counsel had not filed an appeal of his conviction and sentence is without merit.   The criminal judgment against Petitioner was filed on February 25, 2004. Petitioner has not established that he exercised due diligence in attempting to discover whether an appeal had been filed on his behalf.   Petitioner alleges only that he tried on several occasions to contact his attorney by telephone and letter, and then apparently waited until 2013 to inquire with

5

this Court and with the Eleventh Circuit Court of Appeals regarding the pendency of any appeal. *See Montesino v. U.S.*, 2013 WL 6287483 (S.D.Fla., Dec. 4, 2013) (petitioner failed to exercise due diligence in trying to ascertain whether appeal had been filed, as petitioner's efforts were limited to phone calls to his attorney on unspecified dates and sending a letter of inquiry to the Eleventh Circuit Clerk of Court six and a half years after the entry of judgment); *cf. Aron*, 291 F.3d at 714 (petitioner acted with due diligence to discover lack of an appeal when he filed a motion for status update 6 days after due diligence requirement was imposed by the AEDPA and wrote to court clerk within one-year limitations period to express concerns regarding its expiration). "[T]he absence of any response from counsel would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of his appeal." *Williams*, 2011 WL 1878124 at *2.[1]

Additionally, the Petitioner has not established the basis for equitable tolling of the limitations period. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief.

---

[1] Although the due diligence determination may require factual development through an evidentiary hearing, no such hearing is required herein, as Petitioner has not alleged facts which, if true, would establish due diligence. *See Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) (petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue"); *Brooks v. United States*, 2009 WL 3571259 (M.D.Ga., Oct. 26, 2009) (HL) (evidentiary hearing not required on issue of due diligence; burden was on petitioner to show he acted with due diligence; petitioner failed to explain his five year delay in seeking information and otherwise failed to allege facts that would establish due diligence).

Finally, the Petitioner has not set forth any probative evidence of actual innocence.  A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."  *Schlup v. Delo*, 513 U.S. 298, 317 (1995).  "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed."  *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as the Petitioner's § 2255 motion is untimely filed and the Petitioner has not established a basis for equitable tolling of the limitations period, it is the recommendation of the undersigned that this § 2255 motion be DISMISSED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

SO RECOMMENDED, this 17th day of September, 2014.

s/ **THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE

asb